**Fill in this information to identify the case**

United States Bankruptcy Court for the

Southern _____ District of   Texas
                              (State)

Case number (*If known*): _____   Chapter  11

☐   Check if this is an  amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | EP Energy Corporation |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** | None |
| | Include any assumed names, trade names, and *doing business  as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 46-3472728 |

**4.   Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place  of business | | |
|---|---|---|---|---|---|
| 1001 | Louisiana Street | | Number | Street | |
| Number | Street | | | | |
| | | | P.O. Box | | |
| Houston | Texas | 77002 | | | |
| City | State | ZIP Code | City | State | ZIP Code |

Harris
County

**Location of principal assets, if different from principal place of business**

| | | |
|---|---|---|
| Number | Street | |
| City | State | ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | www.epenergy.com |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other.  Specify: _____ |

Debtor   EP Energy Corporation _____    Case number (if known) _____
Name

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above   Oil and Gas Exploration

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

2111

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____ When _____ Case number _____
                              MM/ DD/ YYYY

         District _____ When _____ Case number _____
                              MM / DD/ YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor   See Schedule 1 _____   Relationship   See Schedule 1 _____

         District   Southern District of Texas   When   See Schedule 1 _____

         Case number, if known _____       MM / DD/ YYYY

---

Debtor    EP Energy Corporation        Case number *(if known)* _____
      Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
         Number        Street

_____
City      State      ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

      Contact Name _____

      Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

*(on a consolidated basis with all affiliated debtors)*

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

*(on a consolidated basis with all affiliated debtors)*

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

*(on a consolidated basis with all affiliated debtors )*

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor  EP Energy Corporation
Name

Case number (if known)

---

| **Request for Relief, Declaration, and Signatures** |

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this  petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and  correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>October 3, 2019</u>
MM/ DD /YYYY

✗   <u>/s/ David Rush</u>
Signature of authorized representative of debtor

<u>Chief Restructuring Officer</u>
Title

<u>David Rush</u>
Printed name

**18. Signature of attorney**

✗  <u>/s/ Alfredo R. Pérez</u>
Signature of attorney for debtor

Date   <u>October 3, 2019</u>
MM / DD / YYYY

<u>Alfredo R. Pérez</u>
Printed Name

<u>Weil, Gotshal & Manges LLP</u>
Firm Name

<u>700 Louisiana Street, Suite 1700</u>
Address

<u>Houston, Texas  77002</u>
City/State/Zip

<u>(713) 546-5000</u>
Contact Phone

<u>alfredo.perez@weil.com</u>
Email Address

<u>15776275</u>
Bar Number

<u>Matthew S. Barr</u>

<u>Weil, Gotshal & Manges LLP</u>

<u>767 Fifth Avenue</u>

<u>New York, New York  10153</u>

<u>(212) 310-8000</u>

<u>matt.barr@weil.com</u>

<u>Texas</u>
State

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | **Chapter 11** |
| **EP ENERGY CORPORATION** | § § | **Case No. 19-_____ (___)** |
| Debtor. | § § § § | |

### Attachment to Voluntary Petition for Non-Individuals
### Filing for Bankruptcy under Chapter 11

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>001-36253</u>.

2.  The following financial data is the latest available information and refers to the debtor's condition on June 30, 2019.

| | | |
|---|---|---|
| a. | Total assets (on a consolidated basis with all affiliated debtors) | $  4,190,000,000 |
| b. | Total debts (including debts listed in 2.c., below) (on a consolidated basis with all affiliated debtors) | $  4,975,000,000 |
| c. | Debt securities held by more than 500 holders | N/A |

Approximate number of holder

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

| | | |
|---|---|---|
| d. | Number of shares of preferred stock | 0 |
| e. | Number of shares common stock | 255,185,316 |

Comments, if any: _____

Brief description of debtor's business:  <u>EP Energy operates as an independent exploration and production company engaged in the acquisition and development of unconventional onshore oil and natural gas properties in the United States.  The Company operates through a diverse base of producing assets and is focused on the development of drilling inventory located in three areas: the Eagle Ford Shale in South Texas, the Permian Basin in West Texas, and the Uinta Basin in Northeastern Utah.</u>

3.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

| | |
|---|---|
| Affiliates of Apollo Global Management LLC | 39.0% |
| Korea National Oil Corporation | 12.3% |
| Affiliates of Riverstone Holdings LLC | 12.3% |
| Access Industries, Inc. | 13.7% |

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY |
| --- |
| EP Energy E&P Company, L.P. |
| EP Energy Resale Company, L.L.C. |
| EP Energy Management, L.L.C. |
| EP Energy Global LLC |
| Everest Acquisition Finance Inc. |
| EP Energy LLC |
| EPE Acquisition, LLC |
| EP Energy Corporation |

**WRITTEN CONSENT
OF THE SPECIAL COMMITTEE
OF THE BOARD OF DIRECTORS OF
EP ENERGY CORPORATION**

**October 3, 2019**

**WHEREAS**, the Board of Directors (the "**Board**") of EP Energy Corporation (the "**Company**") previously delegated to this committee of directors, by resolutions of the Board adopted by written consent dated June 4, 2019 (the "**Committee**"), certain responsibilities, powers and authority to, among other things, consider, evaluate, and negotiate with third parties various strategic alternatives, including but not limited to, a capital markets, debt repurchase, restructuring and/or other balance sheet transaction in an effort to maximize the value of the Company and its assets and, if the Committee deems it to be in the best interests of the Company, that the Committee approve and authorize the entry into such transaction by the Company;

**WHEREAS**, the Committee has, with the assistance of (i) financial advice from its financial advisors and management (ii) legal advice from outside counsel and the general counsel to the Company and (iii) management of the Company, fully considered each of the strategic alternatives available to the Company and has had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company and the strategic alternatives available to the Company;

**WHEREAS**, each of EPE Acquisition, LLC, EP Energy LLC, Everest Acquisition Finance Inc., EP Energy Global LLC, EP Energy Management, L.L.C., EP Energy Resale Company, L.L.C., and EP Energy E&P Company, L.P. are, directly or indirectly, a wholly owned subsidiary of the Company (the "**Subsidiaries**" and, together with the Company, the "**Company Parties**"); and

**WHEREAS**, the Committee has determined that taking the actions set forth below are advisable and in the best interests of the Company and, therefore desires to approve the following resolutions:

**I.    Commencement of Chapter 11 Cases**

**NOW, THEREFORE, BE IT RESOLVED**, that the Committee has determined, after due consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of each of the Company Parties, their respective creditors, and other parties in interest that a petition be filed by each of the Company Parties seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of the Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and to execute and file,

or cause to be executed and filed, in the name and on behalf of each of the Subsidiaries, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Company Parties' chapter 11 cases (the "**Chapter 11 Cases**"), including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the successful prosecution of such Chapter 11 Cases, including the professional retentions set forth in this resolution.

## II.    Officers

FURTHER RESOLVED, that the individual set forth below be, and hereby is, elected to the temporary position or office of the Company set forth opposite his name, to serve subject to, and in accordance with, the bylaws of the Company and direction of the Committee, and to hold such position or office until his job is satisfied or until his earlier death, resignation or removal:

|  |  |
|---|---|
| David Rush | Chief Restructuring Officer |

## III.    Retention of Advisors

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for the Company Parties in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that Evercore Group L.L.C., located at 55 East 52nd Street, New York, NY 10055, is hereby retained as investment banker for the Company Parties in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that FTI Consulting, Inc., located at 1301 McKinney Street, Suite 3500, Houston TX 77010, is hereby retained for the Company Parties in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that Prime Clerk LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, is hereby retained as claims, noticing and solicitation agent for the Company Parties in the Chapter 11 Cases, subject to Bankruptcy Court approval.

## IV.    Use of Cash Collateral

WHEREAS, in connection with the Restructuring, the Subsidiaries have considered providing adequate protection, including paying certain fees to certain of their prepetition secured lenders pursuant to a consensual cash collateral order (the "**Cash Collateral Order**") on terms and conditions similar to those previously provided to the Committee.

**WHEREAS**, the Committee, having considered the terms of the Cash Collateral Order, and having consulted with and considered advice from the Company Parties' legal and financial advisors, deems it advisable and in the best interests of the Subsidiaries to enter into the transactions contemplated therein.

**NOW, THEREFORE, BE IT RESOLVED**, that the Committee authorizes and directs the officers of each Subsidiary to take such action as the officers deem necessary or appropriate to cause each Subsidiary to complete the transactions contemplated by the Cash Collateral Order, including, but not limited to, the filing and/or execution and delivery of each of the documents and instruments to be executed by such Subsidiaries which are described in or contemplated by the Cash Collateral Order, and any and all other agreements, documents or instruments required or appropriate in connection with or incidental to the transactions contemplated by each of the foregoing.

## V.    General Authorization and Ratification

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and each, acting alone, hereby is, authorized, empowered and directed, for and on behalf of the Company to do and perform all such acts and things and enter into, execute, acknowledge, deliver and file all such certificates, agreements, acknowledgments, instruments, contracts, statements and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such Authorized Person being conclusive evidence that the same did meet such standards as set forth above; and be it further

**RESOLVED**, that each officer of each of the Subsidiaries be, and each, acting alone, hereby is, authorized, empowered and directed, for and on behalf of the applicable Subsidiary to do and perform all such acts and things and enter into, execute, acknowledge, deliver and file all such certificates, agreements, acknowledgments, instruments, contracts, statements and other documents and to take such further actions as such person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such person being conclusive evidence that the same did meet such standards as set forth above; and be it further

**RESOLVED**, that any and all actions taken by any Authorized Person prior to the date of adoption of the foregoing resolutions which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as a duly authorized act of the Company in all respects and for all purposes.

* * * * *

**IN WITNESS WHEREOF**, the undersigned, being all of the directors who are members of the Committee of EP ENERGY CORPORATION, have executed this written consent as of the date set forth above.

**COMMITTEE DIRECTORS:**

_____
Name: Alan R. Crain, Jr.


_____
Name: Carol Flaton


_____
Name: J. Barton Kalsu

**IN WITNESS WHEREOF**, the undersigned, being all of the directors who are members of the Committee of EP ENERGY CORPORATION, have executed this written consent as of the date set forth above.

**COMMITTEE DIRECTORS:**

---

Name: Alan R. Crain, Jr.

---

Name: Carol Flaton

---

Name: J. Barton Kalsu

**IN WITNESS WHEREOF**, the undersigned, being all of the directors who are members of the Committee of EP ENERGY CORPORATION, have executed this written consent as of the date set forth above.

**COMMITTEE DIRECTORS:**

_____

Name: Alan R. Crain, Jr.

_____

Name: Carol Flaton

_____

Name: J. Barton Kalsu

**Fill in this information to identify the case:**

Debtor name: <u>EP Energy Corporation</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
(State)

Case number (*If known*): _____

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including ZIP code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Savings Fund Society as Trustee of the 6.375% Senior Notes due 2023 Attn.:  Shawn Goffinet 15950 North Dallas Parkway Dallas, TX 75248 | Attn.:  Shawn Goffinet Telephone:  972-383-3156 E-mail: sgoffinet@wilmingtontrust.com | Senior Notes | | | | $324,000,000.00 |
| 2 | Wilmington Savings Fund Society as Trustee of the 7.750% Senior Notes due 2022 Attn.:  Shawn Goffinet 15950 North Dallas Parkway Dallas, TX 75248 | Attn.:  Shawn Goffinet Telephone:  972-383-3156 E-mail: sgoffinet@wilmingtontrust.com | Senior Notes | | | | $182,000,000.00 |
| 3 | Wilmington Trust, National Association as Trustee of the 9.375% Senior Notes due 2020 Attn.:  Shawn Goffinet 15950 North Dallas Parkway Dallas, TX 75248 | Attn.:  Shawn Goffinet Telephone:  972-383-3156 E-mail: sgoffinet@wilmingtontrust.com | Senior Notes | | | | $182,000,000.00 |
| 4 | Storey Minerals, Ltd., Maltsberger/Storey Ranch, LLC, and Rene R. Barrientos, Ltd. Attn.:  Robert G. Hargrove 515 Congress Avenue Suite 2450 Austin, TX 78701 | Attn.:  Robert G. Hargrove Telephone:  512-476-3529 E-mail: rob@texasenergylaw.com | Litigation | C/U/D | | | $43,800,000.00 |

Debtor    EP Energy Corporation
          Name                                                    Case number (if known) _____

| Name of creditor and complete mailing address, including ZIP code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 Halliburton Energy Services, Inc. c/o Chaffe McCall, LLP Attn.: Hal C. Welch 2300 Energy Center 1100 Poydras Street New Orleans, LA 70163 | c/o Chaffe McCall, LLP Attn.: Hal C. Welch Telephone: 504-585-7709 E-mail: colletta@chaffe.com | Shipper, Warehouser, Lien Holder | | | | $35,185,834.90 |
| 6 State of Texas c/o Texas Comptroller of Public Accounts (Oil) Attn.: Account Maintenance Division Crude Oil and Natural Gas Tax Section 111 E 17th Street Austin, TX 78774-0100 | Attn.: Account Maintenance Division Telephone: 800-531-5441 E-mail: congtax@cpa.texas.gov | Sales, Severance, and Use Tax liability | C/U/D | $12,506,848.86 | $1,249,629.00 | $11,257,219.86 |
| 7 University Lands Attn.: General Counsel 825 Town and Country Lane Suite 1100 Midland, TX 77024 | Attn.: General Counsel Telephone: 713-352-3808 Fax: 832-632-8638 | Royalty Payment (State) | | | | $9,517,303.36 |
| 8 Frio LaSalle Pipeline LP Attn.: General Counsel 1717 Main Street Suite 5200 Dallas, TX 75201 | Attn.: General Counsel Telephone: 210-495-5577 | Transporter | | | | $8,062,691.00 |
| 9 FTS International Services LLC c/o Squire Patton Boggs LLP Attn.: D. Patrick Long 2500 McKinney Avenue Suite 1700 Dallas, TX 75201 | Attn.: D. Patrick Long Telephone: 214-758-1500 E-mail: patrick.long@squirepb.com | Shipper, Warehouser, Lien Holder | | | | $5,379,774.00 |
| 10 Archrock Services LP c/o Baker & Hostetler LLP Attn.: Brad K. Howell 811 Main Street Suite 1100 Houston, TX 77002 | Attn.: Brad K. Howell Telephone: 713-751-1600 E-mail: bhowell@bakerlaw.com | Shipper, Warehouser, Lien Holder | | | | $3,378,736.21 |

Debtor    EP Energy Corporation            Case number (if known) _____
<br>_____
<br>Name

| | Name of creditor and complete mailing address, including ZIP code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | Tetra Production Testing Services, LLC<br>Attn.: Brady M. Murphy<br>24955 Interstate 45 North<br>The Woodlands, TX 77380 | Attn.: Brady M. Murphy<br>Telephone: 281-367-1983 | Shipper, Warehouser, Lien Holder | | | | $2,984,706.22 |
| 12 | Tesoro Refining & Marketing Company LLC<br>Attn.: General Counsel<br>19100 Ridgewood Parkway<br>San Antonio, TX 78259 | Attn.: General Counsel<br>Telephone: 210-626-7390 | Royalty Fee / WI Rev. Payment | | | | $2,541,239.19 |
| 13 | Ritchie Farms Ltd<br>Attn.: Wesley Ritchie<br>2112 Rio Grande Street<br>Austin, TX 78705 | Attn.: Wesley Ritchie<br>E-mail: support@mineralholders.com | Royalty Fee / WI Rev. Payment | | | | $2,432,422.12 |
| 14 | Independence Oilfield Chemicals LLC<br>Attn.: Patrick Williams<br>1450 Lake Robbins Drive<br>Suite 400<br>The Woodlands, TX 77380 | Attn.: Patrick Williams<br>Telephone: 713-936-4340 | Shipper, Warehouser, Lien Holder | | | | $2,200,643.37 |
| 15 | Utah State Tax Commission<br>Attn.: Bankruptcy Department<br>210 North 1950 W<br>Salt Lake City, UT 84134 | Attn.: Bankruptcy Department<br>Telephone: 801-297-2200<br>E-mail: taxmaster@utah.gov | Severance Tax | | $2,164,591.44 | $135,000.00 | $2,029,591.44 |
| 16 | Texas Fueling Services, Inc.<br>Attn.: Hanan Tuchshnieder<br>4220 Laura Koppe Road<br>Houston, TX 77016-5026 | Attn.: Hanan Tuchshnieder<br>Telephone: 281-443-2336<br>E-mail: hanan@texasfueling.com | Shipper, Warehouser, Lien Holder | | | | $1,995,000.00 |

Debtor    EP Energy Corporation
_____          Case number (if known) _____
          Name

| | Name of creditor and complete mailing address, including ZIP code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 17 | Baker Hughes<br>Attn.: Lorenzo Simonelli<br>17021 Aldine Westfield Road<br>Houston, TX 77073 | Attn.: Lorenzo Simonelli<br>Telephone: 713-439-8600 | Shipper, Warehouser, Lien Holder | | | | $1,937,915.56 |
| 18 | Allied Horizontal Wireline Services<br>Attn.: Joseph Sites<br>3200 Wilcrest Drive<br>Unit 170<br>Houston, TX 77042 | Attn.: Joseph Sites<br>Telephone: 713-343-7280 | Shipper, Warehouser, Lien Holder | | | | $1,900,285.24 |
| 19 | Texas Chrome Transport Inc.<br>Attn.: Raul Mendez Jr.<br>16233 IH 35 South<br>Atascosa, TX 78002 | Attn.: Raul Mendez Jr.<br>Telephone: 210-622-5757<br>E-mail: raul@teamtct.com | Shipper, Warehouser, Lien Holder | | | | $1,657,137.25 |
| 20 | Nabors Drilling Technologies USA Inc.<br>Attn.: Anthony G. Petrello<br>515 W Greens Road<br>Suite 1200<br>Houston, TX 77067 | Attn.: Anthony G. Petrello<br>Telephone: 281-874-0035 | Shipper, Warehouser, Lien Holder | | | | $1,642,943.58 |
| 21 | J W Power Company<br>Attn.: General Counsel<br>15505 Wright Brothers Drive<br>Addison, TX 75001 | Attn.: General Counsel<br>Telephone: 972-233-8191<br>E-mail: info@jwenergy.com | Shipper, Warehouser, Lien Holder | | | | $1,635,127.26 |
| 22 | Multi Chem<br>Attn.: General Counsel<br>3000 N. Sam Houston Parkway East<br>Houston, TX 77032 | Attn.: General Counsel<br>Telephone: 281-871-4000 | Shipper, Warehouser, Lien Holder | | | | $1,577,337.10 |

| Debtor | EP Energy Corporation | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including ZIP code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| | | | | | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| 23 | Maltsberger/Storey Ranch, LLC Attn.: Christopher L. Halgren c/o McGinnis, Lochridge & Kilgore, LLP 711 Louisiana Street Suite 1600 Houston, TX 77002 | Attn.: Christopher L. Halgren Telephone: 713-615-8500 E-mail: chalgren@mcginnislaw.com | Royalty FEE / WI Rev. Payment | | | | $1,442,988.70 |
| 24 | Basic Energy Services Inc. Attn.: General Counsel 801 Cherry Street Suite 2100 Fort Worth, TX 76102 | Attn.: General Counsel Telephone: 817-334-4100 Email: info@basicenergyservices.com | Shipper, Warehouser, Lien Holder | | | | $1,345,972.36 |
| 25 | NGL Water Solutions Eagle Ford LLC Attn.: General Counsel 3773 Cherry Creek North Drive Suite 1000 Denver, CO 80209 | Attn.: General Counsel Telephone: 918-481-1119 Email: info@nglep.com | Shipper, Warehouser, Lien Holder | | | | $1,253,614.75 |
| 26 | Weatherford International Plc. Attn.: Kenneth M. Klemm c/o Baker, Donelson 201 St. Charles Avenue Suite 3600 New Orleans, LA 70170 | Attn.: Kenneth M. Klemm Telephone: 504-566-5200 Email: kklemm@bakerdonelson.com | Shipper, Warehouser, Lien Holder | | | | $1,194,793.79 |
| 27 | Office of Natural Resources Revenue - (Ute Tribal) Attn.: Bankruptcy Department P.O. Box 25165 Denver, CO 80225-0165 | Attn.: Bankruptcy Department Telephone: 800-525-0309 | Royalty payment - Tribal | | | | $1,174,261.00 |
| 28 | Premier Pipe LLC Attn.: General Counsel 15600 John F. Kennedy Boulevard Suite 200 Houston, TX 77032 | Attn.: General Counsel Telephone: 832-300-8100 Fax: 832-300-8198 | Shipper, Warehouser, Lien Holder | | | | $1,101,617.50 |

Debtor   EP Energy Corporation
_____   Case number (if known) _____
          Name

| | Name of creditor and complete mailing address, including ZIP code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | DNOW L.P. Attn.: Raymond Chang 7402 N. Eldridge Parkway Houston, TX 77041 | Attn.: Raymond Chang Telephone: 281-823-4700 | Shipper, Warehouser, Lien Holder | | | | $1,074,153.55 |
| 30 | Ruby Pipeline L.L.C. Attn.: Treasury 1001 Louisiana Street Houston, TX 77002 | Attn.: Treasury Telephone: 713-420-2300 | Contract Damages | C/U/D | | | Unliquidated |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **EP ENERGY CORPORATION** | § | Case No. 19-_____ (___) |
| | § | |
| Debtor. | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT
TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in EP Energy Corporation ("**EP Energy**") and its affiliated debtors (the "**Affiliated Debtors**"), as proposed debtors and debtors in possession (collectively, the "**Debtors**").  EP Energy, on behalf of itself and the Affiliated Debtors, respectfully represents as follows:

1.      Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

2.      EP Energy is the ultimate parent company of each of the Affiliated Debtors, and directly or indirectly owns a 100% equity interest in each of the Affiliated Debtors.

3.      Equity ownership of EP Energy is represented by

    i.      Class A common stock, 39.0% held by affiliates of Apollo Global Management, LLC, 12.3% held by Korea National Oil Corporation, 12.3% held by Riverstone Holdings LLC, 13.7% held by Access Industries, Inc., and 22.7% widely held by other shareholders in the aggregate; and

    ii.      Class B common stock held by (i) certain other former and current employees of the Debtors, and (ii) non-debtor EPE Holdings II, LLC

## Exhibit A

### Organizational Chart



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **EP ENERGY CORPORATION** | § | **Case No. 19-\_\_\_\_\_ (\_\_\_)** |
| | § | |
| **Debtor.** | § | |
| | § | |

### LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having an equity ownership interest, in the above- captioned debtor in possession.

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Affiliates of Apollo Global Management LLC<br>9 West 57th Street<br>New York, New York  10019 | Class A Common Stock | 39.00% |
| Korea National Oil Corporation<br>5599 San Filipe Street<br>Houston, Texas  77056 | Class A Common Stock | 12.30% |
| Affiliates of Riverstone Holdings LLC<br>712 5th Avenue<br>New York, New York  10019 | Class A Common Stock | 12.30% |
| Access Industries, Inc.<br>40 West 57th Street<br>New York, New York  10019 | Class A Common Stock | 13.70% |

---

[1] This list reflects holders of five percent or more of EP Energy Corporation's common stock. It is based solely on information obtained from June 30, 2019 Form 10Q. This list serves as the disclosure required to be made by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedures. By separate motion filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Rule 1007 to file a list of all of its equity security holders.

**Fill in this information to identify the case:**

Debtor name: <u>EP Energy Corporation</u>

United States Bankruptcy Court for the: <u>Southern District of Texas</u>
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct to the best of my information and belief:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☑   Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑   Other document that requires a declaration <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>October 3, 2019</u>       **x**   <u>/s/ David Rush</u>
MM / DD /YYYY                 Signature of individual signing on behalf of debtor

<u>David Rush</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor