IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Case No. 19-35654 (MI) |
| EP ENERGY CORPORATION, *et al*,[1] | § § § | Chapter 11 |
| Debtors. | § § § § | (Jointly Administered) |

**MSB OWNERS' EMERGENCY MOTION TO CONTINUE THE CONFIRMATION
HEARING AND EXTEND THE DEADLINE TO OBJECT TO CONFIRMATION**
(Related to Doc. No. 691)

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 29, 2020 AT 9:00 AM (CENTRAL TIME) IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**RELIEF IS REQUESTED NOT LATER THAN JANUARY 29, 2020.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Storey Minerals, Ltd. ("Storey Minerals"), Storey Surface, Ltd. ("Storey Surface"), Maltsberger, LLC ("Maltsberger"), Maltsberger/Storey Ranch, LLC ("MS Ranch"), Maltsberger/Storey Ranch Lands, LLC ("MS Ranch Lands"), the Estate of Sarah Lee Maltsberger

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: EP Energy Corporation (2728), EPE Acquisition, LLC (5855), EP Energy LLC (1021), Everest Acquisition Finance Inc. (0996), EP Energy Global LLC (7534), EP Energy Management, L.L.C. (5013), EP Energy Resale Company, L.L.C. (9561), and EP Energy E&P Company, L.P. (7092). The Debtors' primary mailing address is 1001 Louisiana Street, Houston, TX 77002.

(the "Estate"), and Rene R. Barrientos, Ltd. ("Barrientos") (collectively, the "MSB Owners"),[2] file this MSB Owners' Emergency Motion to Continue the Confirmation Hearing and Extend the Deadline to Object to Confirmation (the "Motion"), and respectfully state as follows:

### A.  Basis for Emergency Relief[3]

1. As discussed in further detail below and previewed initially when set, the MSB Owners necessarily request a brief continuance of the hearing scheduled for Wednesday, February 26, 2020, regarding confirmation of the Fourth Amended Joint Chapter 11 Plan of EP Energy Corporation and Its Affiliated Debtors (the "Plan") filed at Doc. No. 685 (the "Confirmation Hearing") and a similar extension of the deadline to object to confirmation of the Plan (the "Deadline").  The MSB Owners have been communicating with the Debtors for the past two weeks regarding anticipated discovery requests, including, without limitation, the production of documents and the setting of fact depositions.  Some of these have included the Ad hoc Group ("AHG").

2. Disagreements have now emerged requiring the MSB Owners to request some additional time—two weeks to an already accelerated schedule.

3. The Debtors want to put fact witnesses up first, even as document production was just provided.  They selected February 4—that is too soon.  The Debtors also want to selectively make only certain people they wat to call available —not other relevant witnesses.  This will not work.  Despite multiple promises to immediately produce the documents previously produced to other parties in interest prior to the DIP and backstop hearing, the Debtors delayed until

---

[2] Storey Minerals, Maltsberger, MS Ranch, the Estate, and Barrientos are collectively the "MSB Royalty Owners." Storey Surface, Maltsberger, and Ranch Lands are collectively the "MSB Surface Owners."  For the avoidance of doubt, Maltsberger is both a royalty and a surface owner.  Together the MSB Royalty Owners and the MSB Surface Owners are collectively the MSB Owners.

[3] All otherwise undefined terms in this section shall have the same meaning ascribed to them below.

approximately 4:20 PM (central time) on Friday, January 24, 2020 (the "Initially Produced Documents") to transmit a link to produce any documents requested, much of it apparently comprising documents that the Debtors already produced to other parties in interest last November. The Initially Produced Documents appeared to be files containing individual files of images of each page of the documents. The Debtors have refused over the weekend to provide a list, index, or any detailed explanation whatsoever regarding the organization, if any, of the individual files of images of the documents and the Debtors claim none such exists. The Debtors have maintained that they have sent the documents "in the same manner and format any requesting party would reasonably expect to receive them" and that there was no "complaint about the production" of "before" and "[t]here should not be one now."[4]

4. Having dictated the short timeline, one would expect the Debtors to be more forthcoming. Perhaps even cooperative if the timeline they want to dictate is important. Apparently not. By this Motion, the MSB Owners, therefore, request a brief continuance of the Confirmation Hearing and an extension of the Deadline for at least fourteen (14) days. The MSB Owners seek fact witness deposition on a more rational schedule, and not just those the Debtors self-select to call at confirmation. Consideration of this Motion on an emergency basis will allow the Court to conserve judicial resources and allow the parties to prepare and analyze the issues related to the Confirmation Hearing. There is a hearing Wednesday morning at 9:00 AM already set that the involved parties can address this if this fits the Court's schedule.

---

[4] To be polite, either "pound sand" or let them eat cake."

### B. Jurisdiction and Venue

5. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### C. Factual and Procedural Background

**I. MSB Owners' Relationship with the Debtors**

6. The MSB Owners collectively own approximately 40,000 contiguous acres in the Eagle Ford basin. In 2009, the MSB Owners' respective predecessors-in-interest leased their ranches to El Paso E&P Company, LP, the predecessor-in-interest to EP Energy E&P Company, L.P. ("EPLP"), one of the above-captioned debtors (the "Debtors").

**II. The Chapter 11 Cases**

7. On October 3, 2019 (the "Petition Date"), EP Energy Corporation and related entities (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the Bankruptcy Cases.

**III. The Disclosure Statement and Plan**

8. On January 13, 2020, the Debtors filed the Fourth Amended Chapter 11 Plan (Doc. No. 686) (as amended, supplemented or modified, the "Plan"), and the Fourth Amended Disclosure Statement (Doc. No. 686) (as amended, supplemented or modified, the "Disclosure Statement").[5]

9. The Disclosure Statement was approved on January 14, 2020. [Doc. No. 691]. The Debtors have set an aggresively short timeline for approval of a thoroughly contested confirmation—February 18 for objections and February 26 to start confirmation. The Debtors

---

[5] The docket numbers are very important here because, for reasons unknown to the MSB Owners, the Debtors filed two Fourth Amended Chapter 11 Plan and Fourth Amended Disclosure Statement documents reflecting different changes and edits at docket numbers 674, 675, 685, and 686.

offered a few hours solely on February 4 as the only fact deposition date—in New York and Houston at virtually the same time no less.

10. The deadline to object to confirmation of the Plan is currently set for February 18, 2020 at 4:00 PM (central time). *See* Doc. No. 691, ¶ 2. There are announced objections to be filed, including by the MSB Owners.

### IV. MSB Owners' Discovery Requests

11. On January 15, 2020, during a conference call regarding discovery for the Confirmation Hearing, counsel for the MSB Owners requested the Debtors produce the documents that the Debtors previously produced months ago to other parties in interest prior to the DIP and Backstop hearing. The MSB Owners only had partial derivative access to some of this before. The Debtors properly indicated that they would immediately produce the link shortly thereafter. This did not happen. At the same time, the MSB Owners asked for the following fact depositions:

  a. Carol Flaton;

  b. Russell Parker;

  c. Peter Addison;

  d. Avinash D'Souza; and

  e. David Rush.

The MSB Owners even offered to forego Mr. Addison if the Debtors agreed to allow admission of the existing deposition taken in the state court case. There was no response.

12. On January 17, 2020, the MSB Owners served the MSB Owners First Set of RFAs, RFPs, and ROGs (the "MSB First Discovery Request"), which included, among other things, a request for production of the documents that the Debtors previously produced months ago to other parties in interest prior to the DIP and Backstop hearing.

13. On January 22, 2020, during a conference call with the Debtors' counsel regarding the MSB First Discovery Request to attempt to narrow objections and disputes, counsel for the MSB Owners again requested the Debtors produce the documents that the Debtors previously produced months ago to other parties in interest and the Debtors indicated that they would produce it shortly thereafter. This again did not immediately happen. The MSB Owners asked again to have the Debtors stipulate the admissibility of the Addison deposition. There again was no response.

14. At close of business, Friday, January 24, 2020, the Debtors' counsel sent the MSB Owners' counsel a link to a cloud share site with an aggregated document production. The "documents" produced by the Debtors were in six "zip" files with multiple folders containing approximately 25,302 files. Approximately 23,290 of these files were image files of individual pages from the "documents" that the Debtors produced. The Debtors did not label the file names or folder names with any information that explained what image files were related to each other or how the image files were organized. The Debtors again have never responded on dates for the fact depositions.

15. On January 25, 2020, after encountering difficulties in tracking what was provided, the MSB Owners' counsel made multiple requests of the Debtors' counsel for an index or list that would explain how the produced document fits the requests in order to accommodate the Debtors' desired timeline. The Debtors responded to the various requests refusing explanation or index, but stated that no such index or list existed and criticized the MSB Owners' counsel's team or information. The Debtors' position on the Addison deposition testimony remained unknown over the weekend.

16.     Sunday night, the Debtors revealed that they "produced a total of 1,907 documents, or about 6%" of the documents requested. The MSB Owners, however, have no way to verify the number of "documents" produced because the Debtors produced 6 "zip" files with multiple folders containing approximately 25,302 files of which approximately 23,290 files were image files of individual pages from what the Debtors represent are 1,907 documents produced. Thus, the MSB Owners are attempting to sift through approximately 23,290 files and piece together the alleged 1,907 documents page by page with no index, list, or detailed explanation where all the image files for each document are located as if constructing a jigsaw puzzle without even a picture of what the final puzzle should look like. They are also seeking assistance on unpacking the link provided, which seemed over the weekend to comprise unlinked documents in the thousands.

17.     Today, after further pressing yet again regarding Mr. Addison, the Debtors finally refused to stipulate to admission of his deposition. They also refuse any witnesses they will not themselves call—and the MSB Owners want Mr. Alan Crain, the board chairman and special committee member and also James Castellaw, though in lieu of his deposition the MSB Owners would similar to Addison accept a stipulation as to admission of his state court deposition. The Debtors refused to produce any witness the Debtors will not themselves call on their case in chief— and specifically refused to produce either Mr. Addison or Mr. Castellaw, EPLP's landman who negotiated the original leases. Thus, entails more time is needed. The MSB Owners' First Discovery Request seek information relevant to the Confirmation Hearing that is currently set to begin on February 26, 2020 at 8:30 AM (central time). These witnesses have knowledge that is relevant under section 1129 to the survival of the MSB Owners claims and to whether the Plan has been proposed in good faith and not by any means forbidden by law. It is also relevant to "[a]ny payment made or to be made by the . . . the debtor, or by a person issuing securities or acquiring

property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case. 11 U.S.C. § 1129(a)(4). It is also relevant to facts whether "[t]he proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan. 11 U.S.C. § 1129(a)(5). It similarly is important on whether "the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy. 11 U.S.C. § 1129(a)(5). Lastly, it bears on whether "the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider." *See, e.g.*, 11 U.S.C. § 1129(a)(5).

### D.  Relief Requested

18.     By this Motion, pursuant to Local Rule 9013-1(i), the MSB Owners request a continuation of the Confirmation Hearing and an extension of the Deadline for at least fourteen (14) days, as the Court's schedule permits. This relief is requested for ruling on or before January 29, 2020 so that the MSB Owners and other parties in interest have sufficient time to review the documents, to cure or address deficiencies, to arrange the fact depositions, and to properly prepare for the contested Confirmation Hearing. Such a continuance would afford the MSB Owners the time necessary to piece together the documents produced and perhaps tens of thousands more files anticipated to be produced by the Debtors and review the fully assembled documents since the Debtors have refused to produce documents in an organized and useful manner that lends itself to the original timeline that the Debtors sought for the Confirmation Hearing.

### E. Conclusion

WHEREFORE, the MSB Owners respectfully requests the entry of an order, substantially in the form of **Exhibit C** attached hereto, granting the relief requested and such other and further relief as is just and proper.

Dated:  January 27, 2020

HAYNES AND BOONE, LLP

By: */s/ Patrick L. Hughes*
Patrick L. Hughes
Texas Bar No. 10227300
Arsalan Muhammad
Texas Bar No. 24074771
David Trausch
Texas Bar No. 24113513
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: Patrick.Hughes@haynesboone.com
Email: Arsalan.Muhammad@haynesboone.com
Email: David.Trausch@haynesboone.com

-and-

MCGINNIS LOCHRIDGE LLP
Donald D. Jackson
State Bar No. 00787753
Christopher L. Halgren
State Bar No. 24069859
Austin W. Brister
State Bar No. 24080804
711 Louisiana St., Suite 1600
Houston, Texas 77002
Telephone: (713) 615-8500
Fax: (713) 615-8585
Email: djackson@mcginnislaw.com
Email: chalgren@mcginnislaw.com
Email: abrister@mcginnislaw.com

COUNSEL FOR THE MSB OWNERS