IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Case No. 19-35654 (MI) |
| | § | |
| EP ENERGY CORPORATION, *et al*,[1] | § | Chapter 11 |
| | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**MSB OWNERS' CONDITIONAL OBJECTION TO MOTION OF DEBTORS
PURSUANT TO 11 U.S.C. § 1121(d) TO EXTEND EXCLUSIVE PERIODS**
[Related to Doc. No. 758]

Storey Minerals, Ltd., Storey Surface, Ltd., Maltsberger, LLC, Maltsberger/Storey Ranch, LLC, Maltsberger/Storey Ranch Lands, LLC, the Estate of Sarah Lee Maltsberger, and Rene R. Barrientos, Ltd. (collectively, the "MSB Owners"), file this *MSB Owners' Conditional Objection to Motion of Debtors Pursuant to 11 U.S.C. § 1121(d) to Extend Exclusive Periods* (the "Objection"), and respectfully state as follows:

**OBJECTION**

1.  The MSB Owners conditionally object to the *Motion of Debtors Pursuant to 11 U.S.C. § 1121(d) to Extend Exclusive Periods* [Doc. No. 758], (the "Motion") in the event its rights, claims, interests and contracts are not stipulated to pass through the Debtors' bankruptcy cases. In that event, and if the current Plan is not confirmed, exclusivity should expire because the Debtors

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, as applicable, are: EP Energy Corporation (2728), EPE Acquisition, LLC (5855), EP Energy LLC (1021), Everest Acquisition Finance Inc. (0996), EP Energy Global LLC (7534), EP Energy Management, L.L.C. (5013), EP Energy Resale Company, L.L.C. (9561), and EP Energy E&P Company, L.P. (7092) (collectively, the "Debtors"). The Debtors' primary mailing address is 1001 Louisiana Street, Houston, TX 77002.

have failed to demonstrate cause exists to extend the exclusivity period. For several months,[2] the Debtors have been pursuing approval of the current plan of reorganization (the "Plan") that seeks to award virtually all of the Debtors' new equity to existing insider sponsors and new debt holders who bought up much of the 1.5L secured note tranches at substantial discounts in the months before the bankruptcy.

2. To the extent this Plan is not approved and confirmed, the exclusive time should expire to allow other parties to pursue their concepts for reorganizing the Debtors.

3. The Debtors have failed to demonstrate that "cause" exists to extend the exclusive time and therefore, the Motion for Extension should be denied.

WHEREFORE, the MSB Owners requests that the Court: (i) sustain this Objection, (ii) deny the Motion, and (iii) grant such other relief as the Court deems just and proper.

Dated: February 21, 2020          HAYNES AND BOONE, LLP

By: */s/ Patrick L. Hughes*
Patrick L. Hughes
Texas Bar No. 10227300
David Trausch
Texas Bar No. 24113513
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: Patrick.Hughes@haynesboone.com
Email: David.Trausch@haynesboone.com

-and-

---

[2] *See, e.g.*, Declaration of Avinash D'Souza dated October 18, 2019 [Doc. No. 186] ¶ 10 ("Over the past few months, Evercore and the Debtors' other advisors conducted a thorough strategic review and financing marketing process and engaged in extensive negotiations that resulted in obtaining commitments to backstop the Rights Offering and provide the Exit Facility on the best possible terms available to achieve a value-maximizing transaction.").

MCGINNIS LOCHRIDGE LLP
Donald D. Jackson
State Bar No. 00787753
Christopher L. Halgren
State Bar No. 24069859
Austin W. Brister
State Bar No. 24080804
711 Louisiana St., Suite 1600
Houston, Texas 77002
Telephone: (713) 615-8500
Fax: (713) 615-8585
Email: djackson@mcginnislaw.com
Email: chalgren@mcginnislaw.com
Email: abrister@mcginnislaw.com

COUNSEL FOR THE MSB OWNERS