

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ENTERED
04/27/2020

|  |  |  |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| | § | |
| **EP ENERGY CORPORATION,** *et al.*, | § | **Case No. 19-35654 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | **Re:  Docket No. 1138** |

## ORDER ESTABLISHING PROCEDURES
## FOR DE MINIMIS ASSET SALES AND PURCHASES

Upon the motion (the "**Motion**"),[2] of EP Energy Corporation and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for an order seeking entry of an order establishing procedures for the efficient sale or purchase of De Minimis Assets and granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and it appearing that no objections have been filed to the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  EP Energy Corporation (2728), EPE Acquisition, LLC (5855), EP Energy LLC (1021), Everest Acquisition Finance Inc. (0996), EP Energy Global LLC (7534), EP Energy Management, L.L.C. (5013), EP Energy Resale Company, L.L.C. (9561), and EP Energy E&P Company, L.P. (7092).  The Debtors' primary mailing address is 1001 Louisiana Street, Houston, TX 77002.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Debtors are authorized pursuant to sections 363 and 105(a) of the Bankruptcy Code to sell or purchase the De Minimis Assets in accordance with the following procedures (collectively, the "**De Minimis Transaction Procedures**"):

    a.   <u>Non-Noticed Sales or Purchases</u>: For property that, in the Debtors' good faith determination, has a fair market value of less than $1,000,000 and is proposed to be sold or purchased in a transaction, or in a series of related transactions (each, a "**Non-Noticed Transaction**"):

        i.   <u>Business Judgment Standard</u>.  The Debtors are authorized to consummate the sale or purchase of such property without further order of the Bankruptcy Court or notice to any party if the Debtors determine in a reasonable exercise of their business judgment that such a sale or purchase is in the best interest of the Debtors' estates; provided, that to the extent reasonably practicable, the Debtors will provide e-mail notification to counsel to the Creditors' Committee and counsel to the RBL Agent and DIP Agent three (3) business days prior to the consummation of such sale or purchase.

        ii.   <u>Sale Free and Clear</u>.  Any such sale of property shall be free and clear of all liens, claims, and encumbrances ("**Liens**"), with any valid and properly perfected Liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the transaction.

        iii.   <u>Good Faith Purchaser</u>.  Each purchaser of property pursuant to such a sale will be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

        iv.   <u>Non-Noticed Transaction Reports</u>.  Within 30 days of each quarterly period, commencing with the period ending June 30, 2020, the Debtors will file with the Bankruptcy Court a report summarizing any Non-Noticed Transactions that were completed pursuant to the De Minimis Transaction Procedures during the immediately preceding quarter, and serve it on (i) the U.S. Trustee, (ii) counsel to the RBL Agent and DIP Agent, (iii) counsel to the Creditors' Committee (iv) counsel to the ad hoc group of holders of the

Company's 1.125L Notes and 1.25L Notes, represented by Morrison & Foerster LLP (the "**Ad Hoc 1.125L/1.25L Noteholder Group**"), (v) the United States Attorney's Office for the Southern District of Texas, and (vi) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets being sold and their respective counsel, if known (collectively, the "**Notice Parties**"). With respect to each applicable Non-Noticed Transaction, each quarterly report shall identify: (a) the De Minimis Assets sold or purchased; (b) a summary of the reasons for selling or purchasing such De Minimis Assets; (c) the entity who sold or purchased the De Minimis Assets; (d) the purchase or sale price for such De Minimis Assets; and (e) any broker or auctioneer that advised or assisted the Debtors with such transactions and any fees paid to such party in connection with such transactions.

b.   Noticed Asset Transactions.   For property that, in the Debtors' good faith determination, has a fair market value equal to or greater than $1,000,000, and less than or equal to $10,000,000, and is proposed to be sold or purchased in a transaction, or in a series of related transactions (each, a "**Noticed Transaction**"):

  i.   Business Judgment Standard.   The Debtors are authorized to consummate such a sale or purchase without further order of the Bankruptcy Court, subject to the procedures set forth herein, if the Debtors determine in a reasonable exercise of their business judgment that such a sale or purchase is in the best interest of the Debtors' estates.

  ii.   Sale or Purchase Free and Clear.   Any such sale or purchase shall be free and clear of all Liens, with any valid and perfected Liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the transaction.

  iii.   Good Faith Purchaser.   Each purchaser of property to such a sale will be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

  iv.   Transaction Notice.   The Debtors shall, at least seven days prior to closing such sale or purchase, serve a written notice of such sale or purchase by e-mail, facsimile, or overnight delivery service (each notice, a "**Transaction Notice**") to the Notice Parties, which Transaction Notice shall consist of:

    1.   identification of the De Minimis Asset being sold or purchased;

    2.   identification of the purchaser or seller of the De Minimis Asset and any relationship such party has with the Debtors;

    3.   identification of any parties known to the Debtors as holding Liens on the property being sold or purchased and a statement indicating

whether (i) all such Liens are capable of monetary satisfaction, or (ii) the holders of such Liens have consented to the sale or purchase;

4.    the purchase or sale price;

5.    any other significant terms of the sale or purchase;

6.    the date and time within which objections must be filed and served on the Debtors; and

7.    any broker or auctioneer that advised or assisted the Debtors with such transaction and any fees paid or to be paid to such party in connection with such transaction.

v.    <u>Objection Procedures</u>.  Parties objecting to a Noticed Transaction must file and serve a written objection so that such objection is filed with the Bankruptcy Court and is actually received by the Notice Parties as well as counsel to the Debtors no later than five (5) business days after the date the Debtors serve the relevant Transaction Notice.

vi.    <u>No Objection</u>.  If no objection to a Noticed Transaction is timely filed by any of the Notice Parties within five (5) business days of service of such Transaction Notice, the Debtors are authorized to immediately consummate such transaction.

vii.    <u>Unresolved Objections</u>.  If a timely objection is filed and not withdrawn or resolved, the Debtors shall file a notice of hearing to consider the unresolved objection, and such hearing shall be held on an expedited basis.  If such objection is overruled or withdrawn, or if the sale or purchase of De Minimis Assets is specifically approved by further order of the Bankruptcy Court, the Debtors are authorized to immediately consummate such transaction.

c.    <u>Sale or Purchase Pursuant to Motion</u>.  For property that, in the Debtors' good faith determination, has a fair market value greater than $10,000,000, and is proposed to be sold or purchased in a transaction, or in a series of related transactions, the Debtors shall seek authority to sell or purchase such property pursuant to a motion and in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

2.    The Debtors are authorized to take any actions that are reasonable and necessary to effectuate the sale or purchase of De Minimis Assets and obtain the proceeds thereof, including, without limitation, paying commission fees to agents, brokers, auctioneers, and liquidators in connection with such transaction.

3.     Notice of any sale or purchase of the De Minimis Assets in accordance with the De Minimis Transaction Procedures shall be sufficient notice of the sale or purchase of such assets.

4.     Transactions in the ordinary course of business permitted pursuant to 11 U.S.C. § 363(c)(1) shall not be subject to this Order or the De Minimis Transaction Procedures, and the Debtors are authorized to conduct such transactions without further Court approval.

5.     De Minimis Transactions shall be deemed authorized pursuant to the terms of this Order and no further or additional waivers of the fourteen-day stay of Bankruptcy Rule 6004(h) shall be required for the Debtors to consummate any De Minimis Asset Transaction, subject to compliance with the De Minimis Transaction Procedures.

6.     Nothing contained in this Order shall prejudice the Debtors' right to seek Court authorization to sell or purchase any asset under section 363 of Bankruptcy Code by separate motion.

7.     This Order does not authorize any transactions with "insiders" as that term is defined in section 101 of the Bankruptcy Code.

8.     The rights and defenses of the Debtors and any other party in interest with respect to whether any assertion that any liens, claims, interests, or encumbrance, if any, will attach to the proceeds of a sale of De Minimis Assets are hereby preserved.

9.     The notice procedures in the Motion satisfy Bankruptcy Rules 2002(a), 6004, 6007, and 9014.

10.     The transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other

persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold or purchased pursuant to this Order; and each and every federal, state, and local governmental agency or department is directed to accept this Order as sole and sufficient evidence of the transfer of title to any particular purchaser, and such agency or department shall rely upon this Order in consummating the sales or purchases contemplated hereby.

11.     The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order, including paying those necessary fees and expenses incurred in the sale or purchase of De Minimis Assets.

12.     The Debtors are authorized to take all actions and execute all documents necessary to implement the relief granted in this Order.

13.     Notice of the Motion as provided therein is deemed to be good and sufficient notice of such Motion.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

 Signed:  April 27, 2020

                                        Marvin Isgur
                                    United States Bankruptcy Judge